UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE HERNANDEZ and DAVID NUNEZ, on behalf of themselves, individually, and on behalf of all others similarly-situated,

                      Plaintiffs,

        -against-

23 NORTH PARK AVENUE PUB INC., d/b/a KASEY'S KITCHEN & COCKTAILS, and 44 TAP HOUSE INC., d/b/a CRAFT KITCHEN & TAPHOUSE, and ANTHONY GERACI, individually, and THOMAS MCNICHOLAS, individually, and DANIEL QUINN, individually, and MANNASE SUAZO, individually, and THOMAS GARRETT, individually,

                      Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Docket No.: 21-cv-3214

Jury Trial Demanded

Plaintiffs, JOSE HERNANDEZ and DAVID NUNEZ (together, where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against 23 NORTH PARK AVENUE PUB INC., d/b/a/ KASEY'S KITCHEN & COCKTAILS ("Kasey's Kitchen"), and 44 TAP HOUSE INC., d/b/a/ CRAFT KITCHEN & TAPHOUSE ("Craft"), and ANTHONY GERACI, individually, and THOMAS MCNICHOLAS, individually, and DANIEL QUINN, individually, and MANNASE SUAZO, individually, and THOMAS GARRETT, individually, (all seven, together where appropriate, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

1

**NATURE OF THE CASE**

1.      This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiffs' collective rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 146-1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiffs Hernandez and Nunez worked for Defendants - - two corporations that operate as a single enterprise to run three Nassau County-based restaurants / bars and the enterprise's three owners and two general managers, all of whom are responsible for making significant personnel-related decisions - - interchangeably, collectively at all three locations, respectively as a kitchen cook and dishwasher from July 8, 2019 to December 8, 2020, and as a bartender / barback from October 22, 2014 through November 21, 2020.  As described below, throughout their employment - - all of which falls within the six-year period pre-dating the commencement of this action, plus any applicable tolling period pursuant to Governor Andrew M. Cuomo's Executive Orders - - Defendants routinely required Plaintiffs to work, and Plaintiffs did

work, in excess of forty hours per week, but Defendants failed to pay Plaintiffs at the statutorily required overtime rate for those hours. With respect to Hernandez, Defendants paid him on an hourly basis at his regular rate of pay for all hours worked, even those over forty in a week, in violation of the FLSA's and the NYLL's overtime provisions. As to Nunez, Defendants also paid him on an hourly basis at his regular rate of pay for all hours worked, even those over forty in a week, and classified him as a tipped employee while requiring him to perform non-tipped work more than twenty percent of the time. In doing so, Defendants failed to pay Nunez at least at the NYLL's non-tipped minimum wage for all hours worked, or at the FLSA's or the NYLL's overtime rate of one and one-half times his regular rate, or one and one-half times the non-tipped minimum wage rate, whichever was greater, for all hours worked over forty in a week.

3. Defendants further violated the NYLL and the NYCRR by failing to: pay Plaintiffs one hour's pay at the minimum wage rate for each day when Plaintiffs' shift exceeded ten hours from beginning to end; provide Plaintiffs with an accurate wage notice at the time of their hire; and provide Plaintiffs with an accurate wage statement on each payday.

4. Defendants paid and treated all of their non-managerial back of the house and front of the house employees, respectively, in the same manner.

5. Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiffs bring their claims under the NYLL and the NYCRR on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiffs worked for Defendants in New York and were "employees" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant Kasey's Kitchen was and is a New York corporation with its principal place of business located at 23 North Park Avenue, Rockville Centre, New York 11570.

10. At all relevant times herein, Defendant Craft was and is a New York corporation with its principal place of business located at 44 Stauderman Avenue, Lynbrook, New York 11563. Craft has an additional location at 1885 Wantagh Avenue, Wantagh, New York 11793.

11. Although legally distinct entities, Defendants Kasey's Kitchen and Craft, in practice, operate as a single enterprise in that all three locations are commonly owned and managed, are commonly controlled financially, and co-mingle employees.

12. Indeed, at all relevant times herein, Defendants Geraci, McNicholas, and Quinn were and are the owners of Defendants Kasey's Kitchen and Craft, who in those roles personally oversee the day-to-day operations of the business and are ultimately responsible for: all matters with respect to determining all employees' rates and methods of pay and hours worked, both in

total and at which particular location; hiring, firing, and approving all personnel decisions with respect to Kasey's Kitchen's and Craft's employees; and maintaining employment records.

13. At all relevant times herein, Defendants Suazo and Garrett were and are the general managers of the three restaurant locations, who, along with Defendants Geraci, McNicholas, and Quinn, as further described below, are responsible for making significant personnel-related decisions for Defendants' employees, including Plaintiffs.

14. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendants Kasey's Kitchen and Craft's qualifying annual business exceeded and exceeds $500,000, and Kasey's Kitchen and Craft were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operate a business that serves and sells customers food and alcohol obtained from outside of New York, and accept payment in cash that naturally moves across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Kasey's Kitchen and Craft to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, as well as on behalf of those in the following two collectives, to whom members of both are referred, collectively, as FLSA Plaintiffs:

   a. Representative Plaintiff Hernandez: Collective A - - Back of the
      <u>House</u>

      Current and former non-managerial back of the house employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover

5

    damages for overtime compensation and liquidated damages that are legally due to them.

   b. <u>Representative Plaintiff Nunez: Collective B - - Front of the House</u>

    Current and former non-managerial front of the house employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them.

16. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs, within Collective A and Collective B: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-times their respective regular rates of pay for all hours that they worked per workweek in excess of forty.

17. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so. Specifically, Defendants posted in each of their locations posters that contained the FLSA's overtime requirements, yet despite knowing what that standard of pay was, they failed to comply with it.

18. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

**Background Facts Common to both Plaintiffs**

19. Defendants Kasey's Kitchen and Craft, as comprised of the two entities described above, operate three restaurant / bar locations in Nassau County. Specifically, Kasey's Kitchen is located at 23 North Park Avenue, Rockville Centre, New York, while Craft has two locations, one at 44 Stauderman Avenue, Lynbrook, New York, and the other at 1885 Wantagh Avenue, Wantagh, New York. The two entities have common ownership and management and intermingle employees across their three locations.

20. To that end, owners Geraci, McNicholas, and Quinn, and day-to-day general managers Suazo and Garrett, are jointly responsible for making all significant personnel-related decisions, in that they have and they do exercise the power to hire and fire all employees, supervise and control employee work schedules and the locations at which employees work, determine the rate and method of wages paid to all employees, and to maintain employment records, including all of those matters with respect to Plaintiffs.

21. Defendants treated Plaintiffs and FLSA Plaintiffs in the same manner described herein.

22. Each hour that Plaintiffs and FLSA Plaintiffs worked for Defendants was for Defendants' benefit.

23. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

**Plaintiff Hernandez's Employment**

24.  Plaintiff Hernandez worked for Defendants as a non-managerial cook and dishwasher from July 8, 2019 through December 8, 2020, interchangeably at all three locations, with his location assignment varying from week-to-week.

25.  As his titles suggest, throughout his employment, Hernandez worked in the kitchen and his duties involved preparing the food and washing dishes.

26.  Throughout his employment, Defendants required Hernandez to work, and Hernandez did generally work, six days per week, typically Wednesday through Monday with Tuesday off, from as early as shortly before 10:00 a.m. to as late as 12:00 p.m., without a scheduled or uninterrupted break, although his hours often varied greatly and his day off would sometimes be on either Sunday or Wednesday.  Thus, Defendants required Hernandez to work, and he did routinely work, as many as eighty-four hours in a week, with an average of approximately sixty hours per week.

27.  In exchange for his work, Defendants paid Hernandez on an hourly basis, at the rate of $13.00 from the start of his employment through December 2019, and at the rate of $14.00 from January 1, 2020 through the end of his employment.  Defendants paid Hernandez at his hourly rate for all hours worked in a week, including those hours that Hernandez worked in a week in excess of forty.

28.  By way of example only, for the week of November 3 through November 9, 2019, Defendants required Hernandez to work, and Hernandez did work, a total of 75.63 hours, according to the following schedule, without permitting him to take a scheduled or uninterrupted break during any of his shifts:

>Sunday, November 3, 2019: 10:59 a.m. until 10:17 p.m.;
>
>Monday, November 4, 2019: 9:52 a.m. until 11:08 p.m.;
>
>Tuesday, November 5, 2019: off;
>
>Wednesday, November 6, 2019: 11:00 a.m. until 10:24 p.m.;
>
>Thursday, November 7, 2019: 9:53 a.m. until 11:27 p.m.;
>
>Friday, November 8, 2019: 9:53 a.m. until 11:53 p.m.; and
>
>Saturday, November 9, 2019: 10:03 a.m. until 11:41 p.m.

In exchange for his work that week, Defendants paid Hernandez at his regular rate of $13.00 per hour for all hours worked, including those hours worked in excess of forty.

29. Further, Defendants required Hernandez to work shifts that exceeded ten hours from beginning to end, including six days in the week detailed in the prior paragraph, yet for those days did not pay Hernandez an extra hour of pay at the New York minimum wage rate.

30. Defendants also did not provide Hernandez with any wage notice at the time of his hire, let alone one that that accurately contained, *inter alia*, his rates of pay as designated by Defendants.

31. Defendants paid Hernandez on a weekly basis in cash.

32. On each occasion when Defendants paid Hernandez, Defendants failed to provide him with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked for that week and/or his regular and overtime rates of pay for all hours worked.

**Plaintiff Nunez's Employment**

33. Plaintiff Nunez worked for Defendants as a non-managerial bartender / barback from October 22, 2014 through November 21, 2020, interchangeably at Kasey's Kitchen and Craft's Lynbrook location.

34. Throughout his employment, Nunez's tipped duties included serving drinks and food to customers by the bar and at tables. Nunez's non-tipped duties included cleaning, stocking, taking inventory, setting up the tables, chairs, and placement settings prior to opening, and cleaning up following closing. Nunez's non-tipped duties took approximately four hours per shift, which was more than twenty percent of his daily working time.

35. Indeed, throughout his employment, Defendants required Nunez to work, and Nunez did generally work, five days per week, typically Thursday through Monday, from 10:00 a.m. to 4:00 a.m., without a scheduled or uninterrupted break, for a total of ninety hours per week.

36. In exchange for his work, Defendants paid Nunez on an hourly basis, at the rate of $10.00 from the start of his employment through 2017, at the rate of $15.00 in 2018 and 2019, and at the rate of $8.60 in 2020, for all hours worked in a week, including those that he worked in a week in excess of forty.

37. By way of example only, for the week of October 4 through October 10, 2020, Defendants required Nunez to work, and Nunez did work, ninety hours, according to the following schedule, without being permitted to take a scheduled or uninterrupted break during any of his shifts:

>Sunday, October 4, 2020: 10:00 a.m. until 4:00 a.m.;
>
>Monday, October 5, 2020: 10:00 a.m. until 4:00 a.m.;
>
>Tuesday, October 6, 2020: off

>Wednesday, October 7, 2020: off;
>
>Thursday, October 8, 2020: 10:00 a.m. until 4:00 a.m.;
>
>Friday, October 9, 2020: 10:00 a.m. until 4:00 a.m.; and
>
>Saturday, October 10, 2020: 10:00 a.m. until 4:00 a.m.

In exchange for his work that week, Defendants paid Nunez at his regular hourly rate of $8.60 for all hours worked, included those hours that he worked in excess of forty.

38. Further, Defendants required Nunez to work shifts that exceeded ten hours from beginning to end, including five days in the week detailed in the prior paragraph, yet for those days did not pay Nunez an extra hour of pay at the New York minimum wage rate.

39. Defendants also did not provide Nunez with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*, his rates of pay as designated by Defendants or whether Defendants intended to claim a tip credit against his wages.

40. Defendants paid Nunez on a weekly basis, in cash from the beginning of Nunez's employment through 2014, by check from 2015 through 2019, and then daily in cash in 2020.

41. On each occasion when Defendants paid Nunez, Defendants failed to provide him with a wage statement that accurately listed, *inter alia*: his actual hours worked for that week and/or his straight and overtime rates of pay for all hours worked.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

42. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

11

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

46. Defendants willfully violated the FLSA.

47. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCRR*

49. Plaintiffs and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

52. As also described above, Plaintiffs and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

53. Plaintiffs and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater.

54. Plaintiffs and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Minimum Wages under the NYLL and the NYCRR*

55. Plaintiff Nunez and any Collective B FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff Nunez and any Collective B FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

58. As also described above, Defendants did not compensate Plaintiff Nunez and any Collective B FLSA Plaintiff who opts-into this action, at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

59. At the least, Plaintiff Nunez and any Collective B FLSA Plaintiff who opts-into this action, are entitled to the minimum rate of pay required by the NYLL and the NYCRR for all hours worked.

60. Plaintiff Nunez and any Collective B FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

61. Plaintiffs and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

63. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

64. As also described above, Plaintiffs any FLSA Plaintiff who opts-into this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

65. Plaintiffs and any FLSA Plaintiff who opts-into this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the then-applicable minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

66. Plaintiffs and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread-of-hours pay.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

67. Plaintiffs and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

70. As also described above, Defendants failed to furnish Plaintiffs and any FLSA Plaintiff who opts-into this action, with a wage notice at hire that accurately contained all of the criteria required under the NYLL.

71. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs and any FLSA Plaintiff who opts-into this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00 per person.

72. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs and any FLSA Plaintiff who opts-into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

73. Plaintiffs and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. NYLL § 195(3) requires that employers furnish employees with a wage statement containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

75. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

76. As also described above, Defendants, on each payday, failed to furnish Plaintiffs and any FLSA Plaintiff who opts-into this action, with a wage statement that accurately contained all of the criteria required under the NYLL.

77. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00 per person.

78. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

79. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiffs or FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiffs and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. An award of liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Designation of Plaintiffs and their counsel as collective action representatives under the FLSA;

  h. Awarding Plaintiffs and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

  i. Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiffs and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
          June 7, 2021

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiffs*
                                        910 Franklin Avenue, Suite 200
                                        Garden City, New York 11530
                                        Tel.   (516) 248-5550
                                        Fax.   (516) 248-6027

By: *[signature: Danielle Petretta]*
                                        DANIELLE PETRETTA (DP 5566328)
                                        ALEXANDER T. COLEMAN (AC 8151)
                                        MICHAEL J. BORRELLI (MB 8533)